Title VII nor the Equal Pay Act provide for individual employee liability.

**II. ANALYSIS**

A. Motion to Dismiss Standard

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). If the facts contained in the complaint would allow the plaintiff to recover under any possible theory, the motion to dismiss must be denied. Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B. Plaintiff's Title VI Claims Against Defendant Action Cars and Trucks

Before filing a complaint in federal court under Title VII, a plaintiff must exhaust his or her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)). This requires, in part, filing a timely charge of discrimination with the EEOC prior to filing a complaint in federal court. Id. (citing 42 U.S.C. § 2000e-5(b) (1994)). In Georgia, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment decision for the EEOC charge of discrimination to be timely. Watson v. Blue Circle, Inc., 324 F.3d 1252,